Fred Davis, Esquire
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF
CARL WYDRA

| | | |
|---|---|---|
| CARL WYDRA<br>501 Beechwood Dr.<br>Haddonfield, NJ<br>08033 | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CAMDEN COUNTY |
| | : | |
| | : | |
| | : | |
| *Plaintiff* | : | *CIVIL LAW DIVISION* |
| | : | |
| *v.* | : | |
| | : | |
| CAVALRY SPV I, LLC<br>500 Summit Lake Dr-Ste 400<br>Valhalla, NY<br>10595 | : | DOCKET NO.: |
| | : | |
| | : | |
| *And* | : | |
| | : | |
| SCHACHTER PORTNOY, LLC<br>3490 U.S. Rt. 1<br>Princeton, NJ<br>05840 | : | |
| | : | |
| | : | |
| *Defendants* | : | |
| | : | *Civil Action* |

## COMPLAINT

1.     Plaintiff, CARL WYDRA, is an adult individual citizen

and legal resident of the State of New Jersey, living at 206 Saint Mary's Drive-Apt #311,

Haddonfield, NJ 08033.

2.     Defendant, CAVALRY SPV I, LLC, is a business corporation

qualified to and regularly conducting business in the State of New Jersey, with its legal

residence and principal place of business at 500 Summit Lake Dr.-Ste 400, Valhalla, NY

10595. Defendant can be served at that address.

3.      Defendant, SCHACHTER PORTNOY, LLC, is a business qualified to and regularly conducting business in the State of New Jersey with its principal place of business at 3490 U.S. Rt. 1, Princeton, NJ 05840.

4.      Plaintiff avers that at all times material hereto, Defendants acted by and through their authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

5.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

6.      Defendants regularly conduct business in the State of New Jersey and in the County of CAMDEN County, therefore, personal jurisdiction is established.

7.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8.      Plaintiff is a natural person residing in Haddonfield, New Jersey.

9.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), as the debt(s) alleged to have been incurred by Plaintiff were acquired through the pursuit of consumer related activities, such as food shopping, purchasing clothes and other non-commercial pursuits.

10.     Defendant, CAVALRY SPV I, LLC, is a company handling debt collection matters with headquarters located at 500 Summit Lake Dr.-Ste 400, Valhalla, NY 10595.

2

11.     Defendant CAVALRY SPV I, LLC is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff. Defendant regularly identifies itself as a "debt collector" within meaning of 15 U.S.C. §1692a(6) in promotional materials, court filings, and communications with consumers.

12.     Defendant SCHACHTER PORTNOY, LLC, is a law firm which handles debt collection matter on behalf of Defendant CAVALRY SPV I, LLC and other debt buyers, and is a debt collector as that term is defined by 15 U.S.C. §1692a(6)with headquarters located at 3490 U.S. Rt. 1, Princeton, NJ, 05840.

13.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14.     On or about January 19, 2015, Defendant Schachter Portnoy, LLC filed suit on behalf of Defendant CAVALRY SPV I, LLC, against Plaintiff seeking damages in connection with an alleged debt of $4,326.54.

15.     Plaintiff disputed the debt in question, but the parties nonetheless reached a settlement agreement in the amount of $1,500.00 payable over one year, in exchange for dismissal of the lawsuit.

16.     A subsequent allegation of non-payment by Plaintiff ensued, and Defendant Schachter Portnoy, LLC filed a motion to enter judgment on behalf of Defendant CAVALRY SPV I, LLC, in the amount of $3,701.54 "plus statutory attorneys' fees and costs, including the costs to file the within motion".

17.     Plaintiff alleges and avers that Defendants' request for judgment

3

in the amount of $3,701.54 "plus statutory attorneys' fees and costs, including the costs to file the within motion" is a misrepresentation regarding the nature or legal status of the alleged debt, and is thus in violation of 15 U.S.C. § 1692f, because there was no provision in the settlement agreement for either party to seek recovery of unspecified attorney's fees and costs.

18.    Plaintiff alleges and avers that Defendants' request for judgment in the amount of $3,701.54 "plus statutory attorneys' fees and costs, including the costs to file the within motion" is a misrepresentation regarding the nature or legal status of the alleged debt, and is thus in violation of 15 U.S.C. § 1692f, because there is no statutory provision enabling Defendants' to seek recovery of attorneys' fees or costs.

19.    Plaintiff alleges and avers that Defendants' request for judgment in the amount of $3,701.54 "plus statutory attorneys' fees and costs, including the costs to file the within motion" is not authorized by law or contract because Defendant produced no written agreement whereby the parties agreed that filing and/or service fees of any collection lawsuit were recoverable by third-party debt buyers such as CAVALRY SPV I, LLC, and is thus in violation of 15 U.S.C. § 1692e.

20.    Plaintiff alleges and avers that Defendants' request for judgment in the amount of $3,701.54 "plus statutory attorneys' fees and costs, including the costs to file the within motion" is not authorized by law or contract because there is no statutory provision whereby Defendants' can seek fee-shifting, and is thus in violation of 15 U.S.C. § 1692e.

21.    Plaintiff alleges and avers that Defendants' lacked standing to bring the instant lawsuit, as there is no written agreement between Plaintiff

4

and the alleged original creditor whereby these parties agreed that the account could be assigned to third-party debt buyers such as Defendant CAVALRY SPV I, LLC.

22.     Plaintiff further alleges and avers that Defendant CAVALRY SPV I, LLC failed, within a reasonable time after commencement of the lawsuit and Plaintiffs filing of an Answer disputing the debt, to notify the relevant credit bureaus that the alleged debt was in dispute, and thereby reported false credit information about Plaintiff via omission in violation of 15 U.S.C. § 1692e.

23.     Plaintiff alleges and avers that Defendants violated 15 U.S.C. §1692(c)(a)(1) and (d) within the past calendar year, by making or being caused  to be made repeated and continuous phone calls to Plaintiff and unrelated third-parties attempting to collect the alleged "debt" at irregular times, and by failing to identify itself during said calls.

**COUNT I**
**THE FAIR DEBT COLLECTION PRACTICES ACT**
**AS TO ALL DEFENDANTS**

24.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

a.      Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692(d).

b.      Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692(e)(10).

c.      Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692(f).

d.      Attempting to collect an amount not authorized by contract or law in violation of 15 U.S.C. §1692(f).

e.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, CARL WYDRA, respectfully prays for a judgment as follows:

a.      All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692(k)(a)(1);

b.      Statutory damages of $1,000.00 for the aforementioned violation(s) of the FDCPA pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693(k)(a)(3); and

Any other relief deemed appropriate by this Honorable Court.

**COUNT II**
**NEW JERSEY CONSUMER FRAUD ACT**
**AS TO ALL DEFENDANTS**

25.      Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

26.      Plaintiff is a "Person" as defined by N.J.S.A. 56:8-1(d).

27.      Defendants are "Person(s)" as defined by N.J.S.A. 56:8-1(d).

28.      Defendants' actions surrounding the collection of the alleged debt were unconscionable. Defendants' agents, employees, servants, and representatives also acted with a reckless and callous disregard for Plaintiff's rights in seeking an improper amount of judgment and in their deceptive representations surrounding the alleged debt.

6

29.     Defendants' knowingly concealed, suppressed, or omitted to disclose to Plaintiff material facts regarding the legal status of the alleged debt and their lack of legal and contractual authority to collect same.

30.     Defendants' activity departs from the standards of good faith, honesty and fair dealing.

31.     Defendants' acted with reckless and willful disregard of Plaintiff's rights.

32.     As a result of Defendants' unlawful conduct, Plaintiff has and will continue to suffer ascertainable financial loss proximately caused by the Defendants' conduct, including, but not limited to, payment of attorney's fees to defend against these baseless claims.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for compensatory damages, treble damages, attorney fees, costs of suit, and any further relief as the Court may deem just and proper.

### COUNT III
### NEGLIGENCE
### AS TO CAVALRY SPV I, LLC

33.     Plaintiff hereby incorporates all facts and allegations specified in all paragraphs, by reference as if fully set forth at length.

34.     Defendant CAVALRY SPV I, LLC failed to properly supervise/conduct the litigation directed toward Plaintiff regarding the alleged debt..

35.     Defendant had a duty to properly investigate the amounts sought on its behalf by Defendant Schachter Portnoy, LLC, but instead chose to direct illegal and accusatory conduct toward Plaintiff. Defendant made affirmative false representations of fact as to the amount Plaintiff agreed to pay in the settlement.

7

36.     Defendants' negligence is a direct and proximate cause of Plaintiffs economic losses and hardships stemming from this incident.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant, in an amount equal to the price of the subject vehicle, plus interest, attorney fees, and costs.

## COUNT IV.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND DEMAND
## FOR PUNITIVE DAMAGES
## (AS TO BOTH DEFENDANTS)

37.     Plaintiff hereby incorporate paragraphs 1-36 by reference as though fully set forth.

38.     Plaintiff alleges and avers that Defendants' conduct was extreme and outrageous conduct, in that they conspired to collect an unlawful amount of money from Plaintiff.

39.     Plaintiff alleges and avers that Defendants' conduct was undertaken with the intent of causing, or with reckless disregard for the probability of causing, emotional distress to Plaintiff.

40.     Plaintiff alleges and avers that as a direct and proximate result of Defendants' conduct, Plaintiff suffered severe and extreme emotional distress which includes, but is not limited to, humiliation at being classified as delinquent in repayments of debt for which they had no right to collect, anxiety and confusion as to whether his credit ratings would be permanently and materially impaired, uncertainty as to whether Defendants' would further inflate the amount of the alleged debt and seek collection of same.

8

41.     Plaintiff hereby demands actual, compensatory and punitive damages for these violations.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND DEMAND FOR PUNITIVE DAMAGES (AS TO BOTH DEFENDANTS)

42.     Plaintiff hereby incorporate paragraphs 1-41 by reference as though fully set forth.

43.     All Defendants, and each of them, knew or reasonably should have known that the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff.

44.     At all relevant times, all Defendants, and each of them, had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.

45.     Despite said knowledge, power, and duty, Defendants negligently failed to act so as to stop engaging in the conduct described herein and/or to prevent or prohibit such conduct or otherwise protect Plaintiff. To the extent that said negligent conduct was perpetrated by certain Defendants, the remaining Defendants confirmed and ratified said conduct with the knowledge that Plaintiff emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

46.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer serious emotional distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, all to his damage in amounts to be proven at trial.

47.     Plaintiff alleges and avers that as a direct and proximate result of Defendants' conduct, Plaintiff suffered severe and extreme emotional distress which includes, but is not limited to, humiliation at being classified as delinquent in repayments of debt for which Defendants' had no legal or contractual authority to collect, anxiety and confusion as to whether his credit ratings would be permanently and materially impaired, uncertainty as to whether Defendants' would further inflate the amount of the alleged debt and seek collection of same.

48.     Plaintiff hereby demands actual, compensatory and punitive damages for these violations.

DAVIS CONSUMER LAW FIRM

By:

Fred Davis-NJ ID# 025812004
Attorney for Plaintiff, CARL WYDRA
500 Office Center Drive-Suite 400
Ft. Washington, PA    19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all the issues

**Respectfully submitted,**

DAVIS CONSUMER LAW FIRM

By:

Fred Davis-NJ ID# 025812004
Attorney for Plaintiff, CARL WYDRA
500 Office Center Drive-Suite 400
Ft. Washington, PA   19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

11

## CERTIFICATION PURSUANT TO R.4:15-1

Upon knowledge and belief I hereby certify that there are no other actions or arbitrations related to this suit pending or presently contemplated.

**Respectfully submitted,**

DAVIS CONSUMER LAW FIRM

By: _____

Fred Davis-NJ ID# 025812004
Attorney for Plaintiff, CARL WYDRA
500 Office Center Drive-Suite 400
Ft. Washington, PA   19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

## CERTIFICATION OF NOTICE

Pursuant to N.J.S.A. 56:8-20 Plaintiff is mailing a copy of this Complaint to the

Office of the Attorney General, Richard J. Hughes Justice Complex, 25 West Market

Street in the City of Trenton, County of Mercer, in the state of New Jersey on May 8,

2015.


**Respectfully submitted,**


DAVIS CONSUMER LAW FIRM

By: _____

Fred Davis-NJ ID# 025812004
Attorney for Plaintiff, CARL WYDRA
500 Office Center Drive-Suite 400
Ft. Washington, PA    19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

## RULE 4:5-1(c) DESIGNATION

Defendant hereby designates Fred Davis as trial counsel in the instant matter.

**Respectfully submitted,**

DAVIS CONSUMER LAW FIRM

By: _____

Fred Davis-NJ ID# 025812004
Attorney for Plaintiff, CARL WYDRA
500 Office Center Drive-Suite 400
Ft. Washington, PA    19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

14